IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § | NO. 4:08-CV-143-A |
| KUTCHINS ENTERPRISES INC., DBA GLENVIEW QUICK MART, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND
ORDER

This diversity action was brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff, Certain Underwriters at Lloyd's of London, specifically, Canopius Managing Agents Limited ("Canopius"),[1] and defendant, Kutchins Enterprises Inc., d/b/a Glenview Quick Mart, ("Kutchins") have each filed motions for summary judgment. In its motion, Canopius seeks a declaration that, due to the liquor liability exclusion in the commercial general liability insurance part of the insurance policy it issued to Kutchins, there is no insurance coverage and, thus, no duty to defend or indemnify Kutchins as to

---

[1] In its Second Amended Complaint for Declaratory Judgment, plaintiff explains that Canopius Managing Agents Limited is the sole underwriter of the insurance policy that is the subject of this action. Because the parties refer to plaintiff as "Canopius," for the sake of clarity the court will do likewise.

claims made against it in two lawsuits filed in Texas state courts. Kutchins, in its motion, asks the court to enter summary judgment for it because (1) the insurance policy is ambiguous, and (2) certain allegations in the underlying lawsuits allege sufficient facts to trigger coverage outside the liquor liability exclusion. Each party filed a response to the other's summary judgment motion, and a reply.[2] Having considered the motions, the responses, the replies, the summary judgment record, and pertinent legal authorities, the court has determined that Canopius's motion should be granted, while Kutchins's motion should be denied.

I.

Facts About Which There is No Dispute

A. The Underlying Texas State Court Lawsuits.

On August 28, 2007, Cause No. 07-08-671, styled "Kim Tidwell, Individually and as Next Friend of Paige Owens, A Minor v. GQ Enterprises Corporation, Individually and d/b/a Glenview Quick Mart; Kutchins Enterprise, Inc., Individually and d/b/a Glenview Quick Mart; Marshall Shane Lowe," was filed in the 271st

---

[2]Each party's response to the other's summary judgment motion, and each subsequent reply, contains substantially the same arguments raised in that party's brief in support of its own motion. Thus the court will not distinguish between arguments raised in a party's motion or response.

Judicial District Court of Wise County, Texas ("Tidwell Suit").
As the factual basis of their claims, the plaintiffs in the
Tidwell Suit alleged that:

> On or about August 4, 2007, Paige Owens was a
> passenger in a vehicle owned by Marshall Lowe and
> driven by his son, Ryan Lowe. Upon information, belief
> Ryan Lowe had consumed alcohol sold to one of the minor
> passengers by Glenview Quick Mart, owned and operated
> by GQ Enterprises Corporation, Individually and d/b/a
> Glenview Quick Mart and/or Kutchins Enterprise, Inc.,
> Individually and d/b/a Glenview Quick Mart.
>
> Ryan Lowe was driving his vehicle in Wise County
> near Cottondale, Texas. Lowe failed to negotiate a
> turn, lost control of his vehicle and slammed into a
> tree. It is believed that Lowe was under the influence
> of alcohol at the time of the incident in question.
> Paige Owens suffered a broken neck and is permanently
> paralyzed as a result of the collision.

Pl.'s App. at 3-4; Def.'s App. at 92-93. More specifically, the
plaintiffs in the Tidwell Suit alleged that Kutchins violated the
Texas Alcoholic Beverage Code in the following respects:

> [Kutchins] by and through [its] agents, servants and/or
> employees . . . provided and/or sold alcoholic
> beverages to either Ryan Lowe or Michael Fresch, when
> it was apparent or should have been apparent to
> [Kutchins] that both individuals were under the age of
> 18 years old. The negligent acts of such persons
> occurred in the following context:
>
> a) Selling alcoholic beverages to either Ryan Lowe or
>    Michael Fresch, both who were under the age of 18
>    years old.
>
> b) Failing to train its employees in the selling of
>    alcoholic beverages.

3

c)  Failing to obtain identification of minor purchasers.

d)  Failing to take steps to monitor the sell [sic] of alcoholic beverages by their employees.

(e) Failure to take steps to prevent the sell [sic] of alcoholic beverages to minor Plaintiffs.

(f) Failure to require their employees to attend an alcohol seller class or training program approved by the Texas Alcoholic Beverage Commission.

(g) Failing to supervise their employees;

(h) Failing to monitor its employees to have appropriate policies and procedures.

Pl.'s App. at 4-5; Def.'s App. at 93-94.

The following parties filed pleas in intervention in the Tidwell Suit: James Hatcher and Noelia Hatcher, individually and as next friend to Priscilla Hatcher, a minor, Pl.'s App. at 11-20; Lisa Moss, individually and as a representative of the estate of Morgan Moss, deceased, Pl.'s App. at 22-28; and Scott Moss, individually and as representative of the estate of Morgan Moss, deceased, Pl.'s App. at 30-39. The intervenors made substantially the same allegations as the original plaintiffs in the Tidwell Suit, except with respect to the specific harm sustained by each intervenor, and alleged the same negligent acts.[3]

---

[3]The summary judgment record contains what appears to be a proposed plea in intervention to be
(continued...)

4

A second state court suit against Kutchins was filed as cause No. 236-230750-08 in the 236th Judicial Court of Tarrant County, Texas, styled "Marshall Shane Lowe and Jamie Lowe v. GQ Enterprises Corporation, Individually and d/b/a Glenview Quick Mart, Chirage Patel, Kutchins Enterprises, Inc., Individually and d/b/a Glenview Quick Mart, Parin Banu Merchant, and Kishor Shresta" (the "Lowe Suit"). Pl.'s App. at 41-48. The plaintiffs in the Lowe Suit allege essentially the same liability allegations as were alleged by the plaintiffs and intervenors in the Tidwell Suit.

B.  The Insurance Policy.

Kutchins is the named insured under policy number CAN10319 ("Policy"), issued by Canopius, effective from October 23, 2006, to October 23, 2007. The policy contains multiple coverage parts. The coverage part at issue is the commercial general liability coverage, which is described in the Commercial General Liability Coverage Form, Pl.'s App. at 68-82, as modified by endorsements, including the CGL Blanket Endorsement, id. at 85-97. The language

---

[3](...continued)
filed in the Tidwell Suit. Pl.'s App. at 50-58. The proposed intervenors are shown to be Craig Fresch and Deborah Fresch, Individually and as the Wrongful Death Beneficiaries and Surviving Parents of Michael Braden Fresch, Deceased, and as Representatives of the Estate of Michael Braden Fresch, Deceased. So far as the court can tell, there is nothing in the summary judgment record establishing that this proposed plea in intervention has been filed. If it has been filed, the rulings of the court in this memorandum opinion and the accompanying final judgment are equally applicable to the claims asserted therein.

of the Commercial General Liability Coverage Form, as modified by the endorsement, that is determinative of the outcome of this case, reads as follows:

> SECTION I -- COVERAGES
> COVERAGE A BODILY INJURY . . . LIABILITY
> 1.  Insuring Agreement
>     a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which the insurance does not apply. . . .

Id. at 68.

> C.  Additional Exclusions:
>
> The following exclusions are added to the policy:
>
> > This insurance does not apply to:
> > . . . .
>
> 18. Liquor Liability
>
> "Bodily injury", . . . or any injury, loss or damage for which any insured may be held liable by reason of:
>
> a.  Causing or contributing to the intoxication of any person; and/or
>
> b.  Furnishing alcoholic beverages to anyone under legal drinking age or under the influence of alcohol; and/or

6

    c.    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages; and/or

    d.    Any act or omission by any insured, any employee of any insured, patrons, members, associates, volunteers or any other persons as respects providing or failing to provide transportation, detaining or failing to detain any person, or any act of assuming or failing to assume responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol.

Id. at 87, 94.

## II.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25

7

(1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

### III.

### Analysis

A. All Claims Asserted in the State Court Suits are Excluded From the Coverage of the Policy by the Liquor Liability Exclusion.

After a thorough review of the allegations in the

Texas state court suits, the only reasonable conclusion the court can reach is that the claims against Kutchins are based on the alleged furnishing of alcoholic beverages to persons under the legal drinking age. All the claims thus fall squarely within the liquor liability exclusion. Bearing in mind that the court must "focus on the origin of the damages and not the legal theories asserted," it is evident that the origin of the damages in the state court actions is the furnishing of alcoholic beverages by Kutchins to a person under legal drinking age. See Paradigm Ins. Co. v. Texas Richmond Corp., 942 S.W.2d 645, 651 (Tex. App. -- Houston [14th Dist.] 1997, writ denied); Abe's Colony Club, Inc. v. C&W Underwriters, Inc., 852 S.W.2d 86 (Tex. App. -- Fort Worth 1993, writ denied); Thornhill v. Houston General Lloyds, 802 S.W.2d 127, 130 (Tex. App. -- Fort Worth 1991, no writ). Consequently, the plain language of the Policy precludes coverage for all claims asserted in the Texas state court actions.

B.  There is no Ambiguity.

Undeterred by the straightforward Policy language, Kutchins's argues that the Policy is ambiguous because part B of the CGL Blanket Endorsement deletes the liquor liability exclusion, Pl.'s App. at 85, while part C adds a different liquor liability exclusion, id. at 87, 94. Additionally, Kutchins

contends that because Canopius deleted and replaced some exclusions within part B of the endorsement, id. at 85-86, its failure to do so as to the liquor liability exclusion renders the Policy ambiguous. Kutchins offers no authority for its propositions, and the court is unaware of any.

Whether an insurance contract is ambiguous is a question of law. American Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003). If policy language can be given a definite or certain legal meaning, the policy contract is not ambiguous and the court may construe it as a matter of law. Id.; Lynch Props., Inc., v. Potomac Ins. Co., 140 F.3d 622, 626 (5th Cir. 1998). That the parties themselves disagree or offer conflicting opinions about the meaning or interpretation of a term does not create ambiguity. Id. "An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations." American Mfrs. Mut. Ins. Co., 124 S.W.3d at 157. When interpreting the language in an insurance policy, the court must give effect to all contractual provisions so that none are rendered meaningless. See id.

The court finds the Policy is susceptible to only one reasonable interpretation as to the liquor liability exclusion, and is unambiguous as a matter of law. A plain reading of the

entire Policy makes clear that the endorsement deleted the original liquor liability exclusion and added a different one. Kutchins offers no alternative interpretation. That Kutchins disagrees with the Policy interpretation, or the result, is irrelevant, as "[d]isagreement over the meaning or interpretation of a term is not sufficient to make a provision ambiguous or create a question of fact." Lynch Props., Inc., 140 F.3d at 626. As the Thornhill court observed:

> [T]he policy issued by [insurer] to the [insured] plainly and specifically excluded coverage for liability arising out of the business of selling or serving alcohol. The policy language could not be more clear.

Thornhill, 802 S.W.2d at 130.

When interpreting the Policy, the court must construe it to give effect to each term and to avoid rendering any term a nullity. See National Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995); Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). However, "[n]o one phrase, sentence, or section [of a contract] should be isolated from its setting and considered apart from the other provisions." Lynch Props., Inc., 140 F.3d at 626 (quoting Forbau, 876 S.W.2d at 134). This is exactly what Kutchins proposes: that the court consider part B of the endorsement apart from the remainder of

the Policy, never reaching part C. The court declines Kutchins's proposed deviation from well-established Texas law. Construing the Policy as a whole, part C excludes coverage for all claims asserted in the Tidwell Suit and the Lowe Suit.

Kutchins would have the court consider its "reasonable expectations" to find ambiguity when interpreting the Policy. However, as Kutchins acknowledged, Texas law does not recognize the doctrine of "reasonable expectations" to create ambiguity, and the court declines to do so here. See Constitution State Ins. Co. v. Iso-Tex Inc., 61 F.3d 405, 410 (5th Cir. 1995); Forbau, 876 S.W.2d at 134 ("[N]either conflicting expectations nor disputation is sufficient to create an ambiguity.").

C. There Are No Allegations in the State Court Suits of Conduct That Would Cause There to be Coverage Under the Policy Outside the Liquor Liability Exclusion.

Kutchins further argues that because there are allegations in the state court suits that its employee's conduct of selling alcohol beverages to minors was likely accidental or reckless, that the employees were negligently supervised, and that there was a negligent failure to monitor employees, an "accident" or "occurrence" sufficient to remove the state court claims from the liquor liability exclusion was alleged. This argument, while creative, falls short. The allegations of negligent supervision

and negligent failure to monitor have their basis in the allegation that Kutchins furnished alcoholic beverages to individuals under legal drinking age. See Paradigm Ins. Co., 942 S.W.2d at 651; Thornhill, 802 S.W.2d at 130. Hence, the liquor liability exclusion still prohibits coverage for such an "occurrence."

Kutchins further contends that because the allegations of negligent supervision and negligent failure to monitor could have arisen in any number of non-alcohol related contexts, they triggered the duty to defend the state court actions. The court finds unpersuasive the Ohio and Nevada state court opinions Kutchins cites in support of this argument and again reiterates that in Texas the court is to consider the factual allegations in the pleadings in determining coverage. See Merchants Fast Motor Lines, Inc., 939 S.W.2d at 141. Here, regardless of any other context in which the allegations could have arisen, they in fact arose out of Kutchins's furnishing of alcoholic beverages to individuals under the legal drinking age. On these facts, the liquor liability exclusion precludes coverage.[4]

---

[4] In its reply to Canopius's motion, Kutchins argues that King v. Dallas Fire Ins. Co., 85 S.W.3d 185 (Tex. 2002), controls and requires a finding of coverage. For the reasons given by the Fifth Circuit in Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347 (5th Cir. 2005) (discussing and distinguishing King from other Texas Supreme Court cases), Kutchins's reliance on King is misplaced.

13

D.  **The Claims Asserted in the State Court Suits Being Excluded From the Coverage of the Policy, There is no Defense or Payment Obligation.**

Texas law governs this coverage dispute. If the state court pleadings fail to allege facts within the scope of coverage, the insurer faces no legal duty to defend or pay. See Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141-42 (Tex. 1997). "[I]n reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." Id. at 141. If there is no duty under the policy to defend Kutchins in the state court lawsuit, there certainly is no duty to make payment as to any of the claims asserted in the state court lawsuits. See American States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998). Therefore, Canopius is entitled to a declaration that it has no duty to defend Kutchins in the state court suits or to make any payment as to any of the claims asserted against Kutchins in those suits.

V.

ORDER

For the reasons discussed above,

The court ORDERS that the motion for summary judgment of Canopius be, and is hereby, granted, and that the motion for summary judgment of Kutchins be, and is hereby, denied.

The court further ORDERS and DECLARES that Canopius does not have any obligation to provide a defense to Kutchins in either of the state court suits, and does not, and will not, have any obligation to make any payment to or on behalf of Kutchins as to any liability it has incurred, or might incur, to any of the plaintiffs or intervenors in the state court suits.

SIGNED December 22, 2008.

JOHN MCBRYDE
United States District Judge